**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.**

**PAUL CUPIDON,**
*individually and on behalf of all those similarly situated,*

Plaintiff,

v.

**FINANCE SYSTEM OF RICHMOND INC d/b/a RADIOLOGYBILL,**

Defendant.
_______________________________________/

## CLASS ACTION COMPLAINT JURY TRIAL DEMANDED

Plaintiff Paul Cupidon ("Plaintiff"), individually and on behalf of all others similarly situated, sues Finance System of Richmond Inc d/b/a RadiologyBill ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained-of conduct occurred here.

## PARTIES

3. Plaintiff is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant is an Indiana corporation, with its principal place of business located in Richmond, Indiana.

5. Defendant is engaged in the business of soliciting consumer debts for collection and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency," License No. CCA9903131.

7. Defendant maintains all records required by Rule 69V-180.080, Florida Administrative Code, and keeps such records current within one week of the current date.

## **DEMAND FOR JURY TRIAL**

8. Plaintiff respectfully demands a trial by jury on all counts and issues so triable.

## **ALLEGATIONS**

9. Under Florida law, an injured worker is not liable for the cost of medical care provided under the workers' compensation statute.

10. Florida Statute § 440.13(3)(g) provides: "The employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section."

11. Florida Statute § 440.13(13)(a) further states: "A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter."

12. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

13. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment.

14. At all times material, Plaintiff was an employee of FrankCrum 12, Inc.

15. On March 28, 2024, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

16. As detailed in the initial Petition for Benefits submitted by Plaintiff with the Office of the Judges of Compensation Claims ("OJCC"), "Fell downstairs." *See* OJCC Case Number 24-022102JIJ.

17. On April 22, 2024, Intellirad Imaging ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

18. At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

19. Care Provider charged a fee for the provision of its respective medical services for treatment of the Work-Injury (the "Consumer Debt").

20. The Consumer Debt arose from Plaintiff's work-related accident and injuries.

21. Despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

22. On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

23. Defendant is a business entity engaged in the business of soliciting consumer debts for collection and collecting consumer debts.

24. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

26. Defendant's "Consumer Collection Agency" license number is CCA9903131.

27. For Defendant's license to remain valid, Defendant is required to maintain, at minimum, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

28. Rule 69V-180.080(3)(e) commands that Defendant shall maintain "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

29. Rule 69V-180.080(9)(a)-(b) commands that Defendant shall maintain "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

30. Defendant, by way of the records which it is required to maintain to retain a valid Consumer Collection Agency license, knew that the Consumer Debt arose from the treatment of

the Work-Injury and otherwise knew that it (Defendant), as well as Care Provider, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff.

31. Defendant knew that the Consumer Debt arose solely from medical treatment rendered for workplace injuries and that Plaintiff is not personally liable for these debts under Florida's Workers' Compensation Law.

32. This knowledge came directly from the very records Defendant is legally required to obtain, maintain, and review as a licensed Florida Consumer Collection Agency under Rule 69V-180.080, Florida Administrative Code.

33. Those mandatory records include documentation of the debt provided by the creditor and basic information about the debt, both of which expressly identified the medical services as treatment for a work-related injury, the date of the accident, and the fact that the employer or carrier is responsible for payment.

34. Despite having this information in its possession and despite the clear statutory prohibitions in Fla. Stat. §§ 440.13(3)(g) and 440.13(13)(a), Defendant deliberately chose to send collection demands demanding payment from consumers who are statutorily insulated from liability.

35. Defendant maintained no policies, procedures, training, screening processes, verification checklists, or quality-control measures reasonably adapted to avoid the specific violation of attempting to collect debts that Florida law prohibits collecting from injured workers.

36. On a date better known to Defendant, Defendant sent a collection letter, internally dated July 11, 2025, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt.

37. A copy of the Collection Letter is attached hereto as Exhibit "A."

38. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

39. The Collection Letter represents an action to collect a debt by Defendant.

40. Plaintiff received and reviewed the Collection Letter.

41. Upon reading the Collection Letter and realizing it demanded payment for medical services rendered for Plaintiff's workplace injury—a debt Plaintiff is not legally responsible for—Plaintiff became visibly upset and emotionally distraught, ultimately having to sit due to Plaintiff's visceral reaction to the Collection Letter.

42. In addition to the stress of the original workplace injury, the Collection Letter subjected Plaintiff to further undue pain and suffering by way of unlawful debt collection.

43. The Collection Letter wasted Plaintiff's time.

44. The Collection Letter caused Plaintiff to waste more than two hours of time which, had Plaintiff not received the Collection Letter, would not have been wasted.

45. Plaintiff wasted at least five minutes reading and reviewing the Collection Letter.

46. Plaintiff wasted ten minutes reeling in immediate response to the Collection Letter.

47. Plaintiff wasted more than thirty minutes trying to understand why Plaintiff was the target of wrongful and otherwise unlawful collection activity.

48. Plaintiff wasted more than fifteen minutes deliberating what to do about the Collection Letter on at least three separate occasions.

49. Plaintiff wasted more than thirty minutes providing a copy of the Collection Letter to Plaintiff's workers' compensation attorney.

50. The Collection Letter caused Plaintiff to incur costs and other expenses in the confines of Plaintiff's workers' compensation case, of which would not have been incurred had

either the Care Provider or Defendant sought repayment of the Consumer Debt from FrankCrum 12, Inc or FrankCrum 12, Inc's workers' compensation insurance carrier.

51. At minimum, all such wasted time would have been completely avoided had Defendant not sent the Collection Letter to Plaintiff—but such is not the case—and the time Defendant caused Plaintiff to waste cannot be undone.

52. More importantly, the Collection Letter inflicted frustration, pain, confusion, and distrust, as well as emotional turmoil, onto Plaintiff, which compounded what Plaintiff endured due to the Work-Injury.

53. The Collection Letter caused Plaintiff to lose sleep at night on at least three separate occasions, lying awake worrying about potential credit damage, wage garnishment, and further collection activity.

## CLASS ALLEGATIONS

54. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons. Plaintiff seeks to represent the below defined "FDCPA Class" and "FCCPA Class" (collectively, the "Classes").

### PROPOSED CLASSES

55. The "FDCPA Class" consists of: all persons with Florida addresses to whom Defendant sent a collection communication (letter, email, text message, or other) in an attempt to collect a consumer debt that arose from medical treatment for a workplace injury, at any time during the one (1) year period preceding the filing of this Complaint.

56. The "FCCPA Class" consists of: all persons with Florida addresses to whom Defendant sent a collection communication (letter, email, text message, or other) in an attempt to

collect a consumer debt that arose from medical treatment for a workplace injury, at any time during the two (2) year period preceding the filing of this Complaint.

57. Defendant and its officers, directors, employees, and agents are excluded from the Classes. Plaintiff does not know the exact number of members in the Classes but believes the members of each Class to be in the several thousands, if not more.

### NUMEROSITY

58. The members of the Classes are so numerous that joinder of all members is impracticable. Upon information and belief, without proper screening of debts, Defendant sent thousands of collection communications to consumers throughout Florida attempting to collect medical debts arising from workplace injuries.

59. The exact number and identities of members of the Classes are unknown at this time and can be ascertained only through discovery.

60. Identification of each member of the Classes is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

61. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a. whether Defendant sent collection communications to Plaintiff and members of the Classes in an attempt to collect debts;

b. whether the debts arose from medical treatment for workplace injuries;

c. whether Defendant's mandatory records under Rule 69V-180.080, Florida Administrative Code, showed that the debts were not the consumers' responsibility;

d. whether Defendant knew the debts were not legitimate or that it had no legal right to collect them;

e. whether Defendant's communications falsely represented the character, amount, or legal status of the debts in violation of 15 U.S.C. § 1692e(2)(A); and

f. whether Defendant knowingly attempted to enforce debts it knew were not legitimate in violation of Fla. Stat. § 559.72(9).

62. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely attempts to collect workers' compensation medical debts from injured workers is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

63. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories. Plaintiff and all Class members received similar collection communications from Defendant attempting to collect debts arising from workplace injuries that Defendant knew or should have known were not the consumers' responsibility.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

64. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

65. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable.

66. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits.

67. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation.

68. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692e and § 1692e(2)(A)**
**FDCPA CLASS**

69. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 5-7 and ¶¶ 9-68 as though fully stated herein.

70. Section 1692e of the FDCPA provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Subsection (2)(A) prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

71. As stated above, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the

payment of the medical services rendered by Care Provider, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

72. Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

73. Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the amount sought by the Collection Letter exceeds the amount which Care Provider is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

74. Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

75. Defendant sent similar communications to the FDCPA Class in an attempt to collect debts arising from the treatment of a workplace injury. These communications falsely represented the FDCPA Class members were responsible for repayment of debts arising from workplace injuries—debts for which they are not liable under Florida law. Defendant thereby falsely represented the **character** and **legal status** of the debts in the same manner as in the Collection Letter.

76. By and through these communications to members of the FDCPA Class, Defendant violated § 1692e and § 1692e(2)(A) of the FDCPA.

77. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, respectfully requests this Court to enter judgment against Defendant, awarding the following relief:

a. Certification of the FDCPA Class pursuant to Fed. R. Civ. P. 23;

b. Appointment of undersigned counsel as class counsel for the FDCPA Class;

c. Statutory damages as provided by 15 U.S.C. § 1692k;

d. Actual damages as provided by 15 U.S.C. § 1692k;

e. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

f. Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF FLA. STAT. § 559.72(9)**
**FCCPA CLASS**

78. Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference ¶¶ 5-7 and ¶¶ 9-68 as though fully stated herein.

79. Florida Statute § 559.72(9) renders it unlawful for any person to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

80. Defendant knew—by virtue of the documentation it is required to maintain under Rule 69V-180.080, Florida Administrative Code—that the debts arose from treatment of workplace injuries and, as a result, debt which Plaintiff and the FCCPA Class members are not legally responsible. Despite this knowledge, Defendant sent collection communications attempting to enforce these debts. Defendant thereby claimed, attempted, or threatened to enforce debts it knew were not legitimate, as well as asserted a legal right it knew did not exist.

81. By and through these communications, Defendant violated Fla. Stat. § 559.72(9). Defendant's violations were knowing and intentional and were not the result of any bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such violations.

82. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, respectfully requests this Court to enter judgment against Defendant, awarding the following relief:

a. Certification of the proposed FCCPA Class pursuant to Fed. R. Civ. P. 23;

b. Appointment of undersigned counsel as class counsel for the FCCPA Class;

c. Statutory damages as provided by Fla. Stat. § 559.77(2);

d. Actual damages as provided by Fla. Stat. § 559.77(2);

e. Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2);

f. Any other relief that this Court deems appropriate under the circumstances.

DATED: June 29, 2026

Respectfully Submitted,

/s/ Thomas Patti

**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: Tom@pzlg.legal
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail: Talal@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone: 561-542-8550

*COUNSEL FOR PLAINTIFF*